UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

**FILED**

UEC 0 8 2014

CLERK'S OFFICE
U.S. DISTRICT COURT
EASTERN MICHIGAN

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR-14-20579 |
| Plaintiff, | Hon.  Gerald E. Rosen |
| v. | |
| D-1  FAYE KAMPOSH, | Offense: 18 U.S.C.  §§ 666(a)(2) (bribery) |
| Defendant. | Maximum Penalty: Up to 10 years imprisonment Up to $250,000 fine |

## Rule 11 Plea Agreement

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, defendant Faye Kamposh and the government agree as follows:

1. **Guilty Plea**

   A.    **Count of Conviction**

Defendant Faye Kamposh will enter a plea of guilty to Count One of the Information, which charges bribery, in violation of Title 18, United States Code, Section 666(a)(2).

B.    **Elements of Offense**

The elements of bribery are:

> (1) The defendant gave money to the Deputy Chief of Public Safety for the City of Berkley, Michigan, intending to influence him to use his official position to support the issuance of a certain liquor license by the State of Michigan;
>
> (2)  The Deputy Chief of Public Safety was an agent of the City of Berkley, Michigan;
>
> (3) The transaction involved something of value of $5,000 or more; and
>
> (4) In 2013, the City of Berkley, Michigan, received federal benefits in excess of $10,000.

C.    **Factual Basis for Guilty Plea**

The following facts are a sufficient and accurate basis for defendant's guilty plea:

On June 26, 2013, defendant's sister, Angela Kamposh, offered to pay the Deputy Chief of the Berkley Department of Public Safety ("the Deputy Chief") $15,000 in return for the Deputy Chief using his official position to help the Kamposh family obtain a liquor license from the State of Michigan.  The Deputy

2

Chief, acting in a covert manner at the direction of the FBI, agreed to accept Angela Kamposh's $15,000 bribe offer, which Angela Kamposh said she would pay in installments.

On July 10, 2013, Angela Kamposh met with the Deputy Chief at a restaurant in the Detroit area and provided him with $5,000 cash, as an installment payment on the $15,000 bribe for his help with the Kamposh family's liquor license.

On October 24, 2013, defendant met with the Deputy Chief in the City of Berkley, Michigan, and provided him with a $1,000 cash payment, as a second installment payment on the bribe for his support of the Kamposh family's liquor license. Defendant understood she was providing this installment payment, in addition to her sister Angela's previous $5,000 bribe payment, in order to influence the Deputy Chief in his official capacity.

The defendant agrees and stipulates that the Deputy Chief was an agent of the City of Berkley, Michigan, and that the City received over $10,000 in federal assistance in calendar year 2013.

2. **Sentencing Guidelines**

A. **Standard of Proof**

The Court will find sentencing factors by a preponderance of the evidence.

B. **Agreed Guideline Range**

There are no sentencing guideline disputes.   Defendant's guideline range is 12 to 18 months, as set forth on the attached worksheets. If the Court finds:

> (1) that defendant's criminal history category is higher than reflected on the attached worksheets, or
>
> (2) that the offense level should be higher because, after pleading guilty, defendant made any false statement to or withheld information from her probation officer; otherwise demonstrated a lack of acceptance of responsibility for her offense; or obstructed justice or committed any crime,

and if any such finding results in a guideline range higher than 12-18 months, the higher guideline range becomes the agreed range.  However, if the Court finds that defendant is a career offender, an armed career criminal, or a repeat and dangerous sex offender as defined under the sentencing guidelines or other federal law, and that finding is not already reflected in the attached worksheets, this paragraph does not authorize a corresponding increase in the agreed range.

4

Neither party may take a position concerning the applicable guidelines that is different than any position of that party as reflected in the attached worksheets, except as necessary to the Court's determination regarding subsections (1) and (2), above.

3.   **Sentence**

The Court will impose a sentence pursuant to 18 U.S.C. § 3553, and in doing so must consider the sentencing guideline range.

A.   **Imprisonment**

Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the sentence of imprisonment in this case may not exceed the mid-point of the sentencing guideline range as determined by Paragraph 2B, that is, a 15-month period of imprisonment. Defendant may, however, argue for any sentence, including a sentence of probation.

B.   **Supervised Release**

A term of supervised release, if imposed, follows the term of imprisonment. There is no agreement on supervised release. In other words, the Court may impose any term of supervised release up to the statutory maximum term, which in this case is 3years. The agreement concerning imprisonment described above in Paragraph 3A does not apply to any term of imprisonment that results from any later revocation of supervised release.

5

C.     **Special Assessment**

Defendant will pay a special assessment of $100 and must provide the

government with a receipt for the payment before sentence is imposed.

D.     **Fine**

The parties agree that the fine will be no more than the maximum amount

under the guidelines of $30,000.

E.     **Restitution**

Restitution is not applicable to this case.

F.     **Use of Withdrawn Guilty Plea**

If the Court allows defendant to withdraw her guilty plea for a "fair and just

reason" pursuant to Fed. R. Crim. P. 11(d)(2)(B), defendant waives her rights under

Fed. R. Evid. 410, and the government may use her guilty plea, any statement made

under oath at the change-of-plea hearing, and the factual basis statement in this plea

agreement, against her in any proceeding.

4.     **<u>Other Charges</u>**

If the Court accepts this agreement, the government will not bring additional

charges against defendant based on any of the conduct reflected in this plea

agreement or the attached worksheets.

6

5.     **Each Party's Right to Withdraw from This Agreement**

The government may withdraw from this agreement if the Court finds the correct guideline range to be different than is determined by Paragraph 2B.

Defendant may withdraw from this agreement, and may withdraw her guilty plea, if the Court decides to impose a sentence higher than the maximum amount allowed by Paragraph 2. This is the only reason for which the defendant may withdraw from this agreement. The Court shall advise defendant that if she does not withdraw from her guilty plea under this circumstance, the Court may impose a sentence greater than the maximum allowed by Paragraph 2.

6.     **Appeal Waiver**

The defendant waives any right she may have to appeal her conviction. If the defendant's sentence does not exceed 15 months imprisonment, the defendant also waives any right she may have to appeal her sentence.

7.     **Consequences of Withdrawal of Guilty Plea or Vacation of Conviction**

If defendant is allowed to withdraw her guilty plea or if any conviction entered pursuant to this agreement is vacated, the Court shall, on the government's request, reinstate any charges that were dismissed as part of this agreement. If additional charges are filed against defendant within six months after the date the order vacating defendant's conviction or allowing her to withdraw her guilty plea

7

becomes final, which charges relate directly or indirectly to the conduct underlying the guilty plea or to any conduct reflected in the attached worksheets, defendant waives her right to challenge the additional charges on the ground that they were not filed in a timely manner, including any claim that they were filed after the limitations period expired.

8.    **Parties to Plea Agreement**

Unless otherwise indicated, this agreement does not bind any government agency except the United States Attorney's Office for the Eastern District of Michigan.

9.    **Scope of Plea Agreement**

This agreement, which includes all documents that it explicitly incorporates, is the complete agreement between the parties. This agreement supersedes all other promises, representations, understandings and agreements between the parties concerning the subject matter of this plea agreement that were made at any time before the guilty plea is entered in court. Thus, no oral or written promises made by the government to defendant or to the attorney for the defendant at any time before defendant pleads guilty are binding except to the extent they have been explicitly incorporated into this agreement.

This agreement also does not prevent any civil or administrative actions against defendant, or any forfeiture claim against any property, by the United States or any other party.

10.     **Acceptance of Agreement by Defendant**

This plea offer expires unless it has been received, fully signed, in the Office of the United States Attorney by 5:00 P.M. on December 8, 2014.  The government reserves the right to modify or revoke this offer at any time before defendant pleads guilty.


BARBARA L. MCQUADE
United States Attorney


MARK CHUTKOW                                    R. MICHAEL BULLOTTA
Assistant United States Attorney          Assistant United States Attorney
Chief, Public Corruption Unit

Date: December 8, 2014

By signing below, defendant acknowledges that she has read (or been read) this entire document, understands it, and agrees to its terms.

Defendant also acknowledges that she is satisfied with her attorney's advice and representation. Defendant agrees that she has had a full and complete opportunity to confer with her lawyer, and has had all of her questions answered by her lawyer.

_____
FAYE KAMPOSH
Defendant

Date: 12-8-14.

_____
DAVID GRIEM
Counsel for Faye Kamposh

Date:

| Defendant: | Faye Kamposh | Count: | 1 |
| Docket No.: | | Statute(s): | 18 U.S.C. § 666(a)(2) |
| | | | |

## WORKSHEET A (Offense Levels)

Complete one Worksheet A for each count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction) before applying the multiple-count rules in U.S.S.G. ch. 3, pt. D. However, in any case involving multiple counts of conviction, if the counts of conviction are all "closely related" to each other within the meaning of U.S.S.G. § 3D1.2(d), complete only a single Worksheet A.

1.    **BASE OFFENSE LEVEL AND SPECIFIC OFFENSE CHARACTERISTICS (U.S.S.G. ch. 2)**

| Guideline Section | Description | Levels |
| --- | --- | --- |
| 2C1.1 (a)(2) | Base Offense Level | 12 |
| 2C1.1(b)(2)/ 2B1.1(b)(1)(C) | Bribe to be paid exceeded $10,000, but less than $30,000 | +4 |
| | | |
| | | |
| | | |

2.    **ADJUSTMENTS (U.S.S.G. ch. 3, pts. A, B, C)**

| Guideline Section | Description | Levels |
| --- | --- | --- |
| | | |
| | | |
| | | |
| | | |

A-1

| Defendant: | Faye Kamposh | Count: | 1 |
|---|---|---|---|
| Docket No.: | | Statute(s): | 18 U.S.C. § 666(a)(2) |
| | | | |

3.    **ADJUSTED OFFENSE LEVEL**

Enter the sum of the offense levels entered in Items 1 and 2.  If this Worksheet A does not cover every count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction), complete one or more additional Worksheets A and a single Worksheet B.

| 16 |
|:---:|

* * * * * * * *

*If this is the only Worksheet A, check this box and skip Worksheet B.*

*If the defendant has no criminal history, check this box and skip Worksheet C.*

| X |
|:---:|
| |

A-2

| Defendant: | Faye Kamposh | Count: | 1 |
|---|---|---|---|
| Docket No.: | | Statute(s): | 18 U.S.C. § 666(a)(2) |

## WORKSHEET B (Multiple Counts)

### Instructions (U.S.S.G. ch. 3, pt. D):

- Group the counts of conviction into distinct Groups of Closely Related Counts. "All counts involving substantially the same harm shall be grouped together into a single Group." (*See* U.S.S.G. § 3D1.2.)

- Determine the offense level applicable to each Group. (*See* U.S.S.G. § 3D1.3.)

- Determine the combined offense level by assigning "units" to each Group as follows (*see* U.S.S.G. § 3D1.4):

  - assign 1 unit to the Group with the highest offense level,
  - assign 1 unit to each additional Group that is equally serious as, or 1 to 4 levels less serious than, the Group with the highest offense level,
  - assign ½ unit to each Group that is 5 to 8 levels less serious than the Group with the highest offense level,
  - assign no units to each Group that is 9 or more levels less serious than the Group with the highest offense level.

1. **GROUP ONE: COUNT(S)**
   ADJUSTED OFFENSE LEVEL  _____          | unit |

2. **GROUP TWO: COUNT(S)**
   ADJUSTED OFFENSE LEVEL  _____          | unit |

3. **GROUP THREE: COUNT(S)**
   ADJUSTED OFFENSE LEVEL  _____          | unit |

4. **GROUP FOUR: COUNT(S)**
   ADJUSTED OFFENSE LEVEL  _____          | unit |

5. **TOTAL UNITS**                            | units |

| Defendant: | Faye Kamposh | Count: | 1 |
|---|---|---|---|
| Docket No.: | | Statute(s): | 18 U.S.C. § 666(a)(2) |
| | | | |

**6.    INCREASE IN OFFENSE LEVEL**

1 unit ——→ no increase      2 1/2 – 3 units ——→ add 3 levels
1 1/2 units ——→ add 1 level   3 1/2 – 5 units ——→ add 4 levels
2 units ——→ add 2 levels      > 5 levels ——→ add 5 levels



**7.    ADJUSTED OFFENSE LEVEL OF GROUP**
**WITH THE HIGHEST OFFENSE LEVEL**



**8.    COMBINED ADJUSTED OFFENSE LEVEL**

Enter the sum of the offense levels entered in Items 6 and 7.



| Defendant: | Faye Kamposh | Count: | 1 |
| Docket No.: | | Statute(s): | 18 U.S.C. § 666(a)(2) |
| | | | |

# WORKSHEET C (Criminal History)

Date of defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses):

## 1.    PRIOR SENTENCES

### Prior Sentence of Imprisonment Exceeding 13 Months (U.S.S.G. §§ 4A1.1(a)):                                        **3 POINTS**

Enter 3 points for each prior adult sentence of imprisonment exceeding one year and one month that either (1) was imposed within 15 years of the defendant's commencement of the instant offenses (taking into account relevant conduct and stipulated offenses) or (2) resulted in the defendant's confinement during any part of that 15-year period. (*See* U.S.S.G. §§ 4A1.1(a), 4A1.2(d)(1), (e)(1).)

### Prior Sentence of Imprisonment of at Least 60 Days (U.S.S.G. §§ 4A1.1(b)):                                        **2 POINTS**

Enter 2 points for each prior sentence of imprisonment of at least 60 days not counted under U.S.S.G. § 4A1.1(a) that either (1) resulted from an offense committed after the defendant turned 18 and was imposed within 10 years of the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) (*see* U.S.S.G. §§ 4A1.1(b), 4A1.2(e)(2)) or (2) resulted from an offense committed before the defendant turned 18 and resulted in the defendant's confinement during any part of the 5-year period preceding the defendant's commencement of the instant offense (*see* U.S.S.G. §§ 4A1.1(b), 4A1.2(d)(2)(A)).

### Other Prior Sentences (U.S.S.G. §§ 4A1.1(c)):                                        **1 POINT**

Enter 1 point for each prior sentence not counted under U.S.S.G. § 4A1.1(a) or (b) that either (1) resulted from an offense committed after the defendant turned 18 and was imposed within 10 years of the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) (*see* U.S.S.G. §§ 4A1.1(c), 4A1.2(e)(2)) or (2) resulted from an offense committed before the defendant turned 18 and was imposed within 5 years of the defendant's commencement of the instant offense (taking into account relevant conduct  and stipulated offenses) (*see* U.S.S.G. §§ 4A1.1(c), 4A1.2(d)(2)(B)). NOTE: No more than 4 points may be added under this item.

| Defendant: | Faye Kamposh | Count: | 1 |
| Docket No.: | | Statute(s): | 18 U.S.C. § 666(a)(2) |
| | | | |

| Date of Imposition | Status* | Offense | Sentence | Release Date** | Points |
|---|---|---|---|---|---|
| _____ | ___ | _____ | _____ | _____ | |
| _____ | ___ | _____ | _____ | _____ | |
| _____ | ___ | _____ | _____ | _____ | |
| _____ | ___ | _____ | _____ | _____ | |

\*   If the defendant committed the offense before turning 18, indicate whether he or she was sentenced as a juvenile (J) or as an adult (A).

\*\* A release date is required in only two situations:   (1) when a sentence covered under U.S.S.G. § 4A1.1(a) was imposed more than 15 years before the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) but resulted in his or her confinement during any part of that 15-year period; or (2) when a sentence counted under U.S.S.G. § 4A1.1(b) was imposed for an offense committed before the defendant turned 18 but resulted in his or her confinement during any part of the 5-year period preceding his or her commencement of the instant offense (taking into account relevant conduct and stipulated offenses).

C-2

| Defendant: | Faye Kamposh | Count: | 1 |
|---|---|---|---|
| Docket No.: | | Statute(s): | 18 U.S.C. § 666(a)(2) |
| | | | |

**2.    COMMISSION OF INSTANT OFFENSE WHILE UNDER PRIOR SENTENCE (U.S.S.G. § 4A1.1(d))**

Enter 2 points if the defendant committed any part of the instant offense (taking into account relevant conduct and stipulated offenses) while under any criminal justice sentence having a custodial or supervisory component, including probation, parole, supervised release, imprisonment, work release, and escape status. (*See* U.S.S.G. §§ 4A1.1(d), 4A1.2(m), (n).) List the type of control and identify the sentence from which it resulted.

**3.    PRIOR SENTENCE RESULTING FROM CRIME OF VIOLENCE (U.S.S.G. § 4A1.1(e))**

Enter 1 point for each prior sentence resulting from a conviction for a crime of violence that did not receive any points under U.S.S.G. § 4A1.1(a), (b), or (c) because such sentence was considered related to another sentence resulting from a conviction for a crime of violence.  But enter no points where the sentences are considered related because the offenses occurred on the same occasion.  (*See* U.S.S.G. §§ 4A1.1(e), 4A1.2(p).)  Identify the crimes of violence and briefly explain why the cases are considered related. NOTE:  No more than 3 points may be added under this item.

**4.    TOTAL CRIMINAL HISTORY POINTS**
Enter the sum of the criminal history points entered in Items 1-4.

0

**5.    CRIMINAL HISTORY CATEGORY**

| Total Criminal History Points | Criminal History Category |
|:---:|:---:|
| 0-1 | I |
| 2-3 | II |
| 4-6 | III |
| 7-9 | IV |
| 10-12 | V |
| ≥ 13 | VI |

I

| Defendant: | Faye Kamposh | Count: | 1 |
|---|---|---|---|
| Docket No.: | | Statute(s): | 18 U.S.C. § 666(a)(2) |
| | | | |

## WORKSHEET D (Guideline Range)

**1.   (COMBINED) ADJUSTED OFFENSE LEVEL**
Enter the adjusted offense level entered in Item 3 of Worksheet A or the combined adjusted offense level entered in item 8 of Worksheet B.

$\boxed{16}$

**2.   ADJUSTMENT FOR ACCEPTANCE OF RESPONSIBILITY (U.S.S.G. § 3E1.1)**

$\boxed{-3}$

**3.   TOTAL OFFENSE LEVEL**

Enter the difference between Items 1 and 2.

$\boxed{13}$

**4.   CRIMINAL HISTORY CATEGORY**

Enter "I" if the defendant has no criminal history. Otherwise, enter the criminal history category entered in Item 6 of Worksheet C.

$\boxed{I}$

**5.   CAREER OFFENDER/CRIMINAL LIVELIHOOD/ARMED CAREER CRIMINAL/DANGEROUS SEX OFFENDER (U.S.S.G. CH. 4, PT. B)**

a.   Total Offense Level:   If the career offender provision (U.S.S.G. § 4B1.1), the criminal livelihood provision (U.S.S.G. § 4B1.3), the armed career criminal provision (U.S.S.G. § 4B1.4), or the dangerous sex offender provision (U.S.S.G. § 4B1.5) results in a total offense level higher than the total offense level entered in Item 3, enter the higher offense level total.

b.   Criminal History Category:   If the career offender provision (U.S.S.G. § 4B1.1), the armed career criminal provision (U.S.S.G. § 4B1.4), or the dangerous sex offender provision (U.S.S.G. § 4B1.5) results in a criminal history category higher than the criminal history category entered in Item 4, enter the higher criminal history category.

**6.   GUIDELINE RANGE FROM SENTENCING TABLE (U.S.S.G. CH. 5, PT. A)**
Enter the guideline range in the Sentencing Table (see U.S.S.G. ch. 5, pt. A) produced by the total offense level entered in Item 3 or 5.a and the criminal history category entered in Item 4 or 5.b.

$\boxed{12\text{-}18}$

months

D-1

| Defendant: | Faye Kamposh | Count: | 1 |
|---|---|---|---|
| Docket No.: | | Statute(s): | 18 U.S.C. § 666(a)(2) |
| | | | |

7.    **STATUTORY RESTRICTIONS ON OR SUPERSESSION OF GUIDELINE RANGE**
If the maximum sentence authorized by statute is below, or a minimum sentence required by statute is above, the guideline range entered in Item 6, enter either the guideline range as restricted by statute or the sentence required by statute. (*See* U.S.S.G. § 5G1.1.) If the sentence on any count of conviction is required by statute to be consecutive to the sentence on any other count of conviction, explain why.


months

## **WORKSHEET E (Authorized Guideline Sentences)**

1.    **PROBATION**
    a.    <u>Imposition of a Term of Probation</u> (U.S.S.G. § 5B1.1)

☒    1.    Probation is not authorized by the guidelines (minimum of guideline range ≥ 10 months or statute of conviction is a Class A or a Class B felony). If this box is checked, go to Item 2 (Split Sentence).

☐    2.    Probation is authorized by the guidelines (minimum of guideline range = zero months).

☐    3.    Probation is authorized by the guidelines, provided the court imposes a condition or combination of conditions requiring intermittent confinement, community confinement, or home detention satisfying the minimum of the guideline range (minimum of guideline range > 0 months but ≤ 9 months).

    b.    <u>Length of Term of Probation</u> (U.S.S.G. § 5B1.2)

☐    1.    At least 1 year but not more than 5 years (total offense level ≥ 6)

☐    2.    No more than 3 years (total offense level < 6).

    c.    Conditions of Probation (U.S.S.G. § 5B1.3)

2.    **SPLIT SENTENCE (U.S.S.G. § 5C1.1(C)(2), (D)(2))**

☐    a.    A split sentence is not authorized (minimum of guideline range = 0 months or ≥ 15 months).

☒    b.    A split sentence is authorized (minimum of guideline range > 0 months but ≤ 12 months). The court may impose a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention for imprisonment, provided that at least one-half of the minimum of the guideline range is satisfied by imprisonment (if the minimum of the guideline range is 10 or 12 months), or that at least one month is satisfied by

E-1

| Defendant: | Faye Kamposh | Count: | 1 |
|---|---|---|---|
| Docket No.: | | Statute(s): | 18 U.S.C. § 666(a)(2) |
| | | | |

imprisonment (if the minimum of the guideline range is 1, 2, 3, 4, 6, 8, or 9 months). The authorized length of the term of supervised release is set forth below in Item 4.b.

3.   **IMPRISONMENT (U.S.S.G. CH. 5, PT. C)**

A term of imprisonment is authorized by the guidelines if it is within the applicable guideline range (entered in Item 6 of Worksheet D). (*See* U.S.S.G. § 5C1.1.)

4.   **SUPERVISED RELEASE (U.S.S.G. ch 5., pt. D)**

a.   <u>Imposition of a Term of Supervised Release (U.S.S.G. § 5D1.1)</u>
The court must impose a term of supervised release if it imposes a term of imprisonment of more than one year, or if it is required to do so by statute. The court may impose a term of supervised release if it imposes a term of imprisonment of one year or less.

b.   <u>Length of Term of Supervised Release</u> (U.S.S.G. § 5D1.2)

[X]   1.   At least 2 years but not more than 5 years, where the count of conviction is a Class A or a Class B felony, i.e., an offense carrying a maximum term of imprisonment ≥ 25 years.

[ ]   2.   At least 1 year but not more than 3 years, where the count of conviction is a Class C or a Class D felony, i.e., an offense carrying a maximum term of imprisonment ≥ 5 years but < 25 years.

[ ]   3.   1 year, where the count of conviction is a Class E felony or a Class A misdemeanor, i.e., an offense carrying a maximum term of imprisonment > 6 months but < 5 years.

[ ]   4.   The statute of conviction requires a minimum term of supervised release of _____ years.

c.   <u>Conditions of Supervised Release</u> (U.S.S.G. § 5D1.3)
The court must impose certain conditions of supervised release and may impose other conditions of supervised release.

5.   **RESTITUTION (U.S.S.G. § 5E1.1)**

[ ]   1.   The court *must* order full restitution to the victim(s) of the offense(s) of conviction. (*See* 18 U.S.C. §§ 3556, 3663A, 3664.) The court will determine who the victims are and their restitution amounts.

E-2

| Defendant: | Faye Kamposh | Count: | 1 |
|---|---|---|---|
| Docket No.: | | Statute(s): | 18 U.S.C. § 666(a)(2) |
| | | | |

2. The court *must* order full restitution to the victim(s) of the offense(s) of conviction. (*See* 18 U.S.C. §§ 3556, 3663A, 3664) The parties agree that full restitution is $_____.

3. The parties agree that the court *may* order restitution to the victim(s) of the offense(s) of conviction in any amount up to and including $_____. (*See* 18 U.S.C. §§ 3663(a)(3), 3664.)

4. The parties agree that the court *may also* order restitution to persons other than the victim(s) of the offense(s) of conviction in any amount up to and including $_____. (*See* 18 U.S.C. §§ 3663(a)(1)(A), 3663A(a)(3), 3664.)

[X] 5. Restitution is not applicable.

6. **FINE (U.S.S.G. § 5E1.2)**

   a. <u>Fines for Individual Defendants</u>

   The court must impose a fine unless "the defendant establishes that he [or she] is unable to pay and is not likely to become able to pay any fine." (*See* U.S.S.G. § 5E1.2(a).) Generally, the fine authorized by the guidelines is limited to the range established in the Fine Table. (*See* U.S.S.G. § 5E1.2(b).) However, there are exceptions to this general rule. (*See* U.S.S.G. § 5E1.2(b), (c)(4).)

   b. <u>Fine Range from Fine Table (U.S.S.G. § 5E1.2(c)(3))</u>

| **Minimum Fine** | **Maximum Fine** |
|---|---|
| $    $3,000 | $30,000 |

E-3

| Defendant: | Faye Kamposh | Count: | 1 |
|---|---|---|---|
| Docket No.: | | Statute(s): | 18 U.S.C. § 666(a)(2) |
| | | | |

7. **SPECIAL ASSESSMENT(S) (U.S.S.G. § 5E1.3)**
   The court must impose a special assessment on every count of conviction. The special assessments for individual defendants are:

   - $100.00 for every count charging a felony ($400 for a corporation),
   - $25.00 for every count charging a Class A misdemeanor ($125 for a corporation),
   - $10.00 for every count charging a Class B misdemeanor ($50 for a corporation), and
   - $5.00 for every count charging a Class C misdemeanor or an infraction ($25 for a corporation).

   The defendant must pay a special assessment or special assessments in the total amount of $    $100         .

8. **FORFEITURE (U.S.S.G. § 5E1.4)**

   ☐ Assets of the defendant will be forfeited.   ☒ Assets of the defendant will not be forfeited.

9. **ADDITIONAL APPLICABLE GUIDELINES, POLICY STATEMENTS, AND STATUTES**
   List any additional applicable guideline, policy statement, or statute.

   _____

   _____

   _____

10. **UPWARD OR DOWNWARD DEPARTURE (U.S.S.G. ch. 5, pts. H & K)**
    List any applicable aggravating or mitigating circumstance that might support a term of imprisonment above or below the applicable guideline range.

    _____

    _____

    _____

E-4